IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:08CV3-RLV

| | |
|---|---|
| ROGER MOSTELLER, ) | |
| Plaintiff/Claimant, ) | |
| ) | |
| v. ) | **Memorandum and Order** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| Defendant/Commissioner. ) | |
| ) | |

**THIS MATTER** is before the Court on the parties' cross-motions for summary judgment (Documents ##7,8,11,12) and upon the Memorandum and Recommendation of United States Magistrate Judge David C. Keesler (the "Magistrate Judge"). (Document #13)

Pursuant to 28 U.S.C. § 636(b)(1)(B), the Magistrate Judge was designated to consider and recommend disposition. In an opinion filed July 26, 2010, the Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment be denied, that Defendant's Motion for Summary Judgment be granted, and that the Commissioner's decision be affirmed. (M&R at 15.) Plaintiff, through counsel, timely filed Objections to the Memorandum and Recommendation on July 28, 2010. (Document #14) The Commissioner filed a reply brief on August 5, 2010. (Document #15)

I.

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Keeler v. Pea, 782 F. Supp. 42, 43 (D.S.C. 1992). The statute does not require *de*

*novo* review when an objecting party makes only general or conclusory objections that do not direct the court to the specific error in the magistrate judge's recommendations. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's Memorandum and Recommendation as well as a *de novo* review of those issues specifically raised in Plaintiff's objections.

**II.**

Plaintiff Mosteller's "specific" objections to the Magistrate's Memorandum and Recommendation are aptly addressed within the Commissioner's reply brief. The undersigned finds that a brief discussion of each is sufficient.

　A.　Reconciling the VE's Testimony and the DOT Pursuant to SSR 0-4p

Mosteller asserts that the ALJ failed to comply with Social Security Ruling 00-4p, which requires the adjudicator (or ALJ) to obtain a reasonable explanation for any "apparent unresolved conflict" between the testimony of the vocational expert ("VE") provided during the administrative hearing and the Dictionary of Occupational Titles ("DOT"). (SSR 00-4p at 2). The VE testified unequivocally that his testimony was consistent – *not* inconsistent – with the DOT. (Tr. 228) Accordingly, the Court rejects this specific objection given that there was no actual conflict, nor any inconsistency for the ALJ to reconcile.[1]

---

[1] The Commissioner suggests there may be a *possible* inconsistency with respect to the custodian position. However, the undersigned does not find this possibility determinative.

B. Travel / Transportation Issue

The Commissioner also adequately addressed the issue of travel and / or transportation. Mosteller's case is readily distinguished from those where the claimant is physically unable to travel to work. As the Commissioner described it, Mosteller's "inability to travel was due to his wife being too busy to drive him back and forth to work, not his inabililty to physically move himself between home and work." (Reply at 4; Tr. 84, 94) The ALJ expressly considered Mosteller's inability to drive himself and deemed it one of several restrictions in determining the residual functional capacity of the claimant. The inability to drive does not, standing alone, render Mosteller disabled. Indeed, transportation issues are common to many healthy individuals in the work force.[2] Lack of transportation, although bothersome, is not a basis for declaring Mosteller disabled and, therefore, this objection is overruled.

C. Claimant's Credibility / Subjective Complaints

Plaintiff claims the ALJ erred in his assessment of Mosteller's credibility concerning his subjective complaints. More specifically, Mosteller contends it was improper for the ALJ to rely on Mosteller's ability to perform various daily activities as a basis for the finding that Mosteller was not disabled. Daily activities are properly considered. *See* 20 C.F.R. §404.1529(c)(3)(i); SSR 96-7p. In addition, determination of credibility is an area where the ALJ is due a certain amount of deference. This objection is overruled.

D. Weight ALJ Assigned to Clifford Opinion

The ALJ's evaluation of Mr. Clifford's ("Clifford") opinion, and the weight to attribute to it, is likewise supported by substantial evidence. As noted within the M & R, the ALJ recognized the conclusory nature of Clifford's opinion and the leap between the impairment and

---

[2] Transportation poses an obstacle to individuals who may be physically able to drive but do not own a car or cannot afford car insurance, younger individuals who obtain employment before they are eligible to be licensed to drive, and individuals who lose their driver's licenses for whatever reason.

the assumption that Mosteller was incapable of working because most sedentary and light jobs require fine visual acuity or concentrated focus. (Tr. 20) Clifford failed to support this assertion with statistics or other objective evidence. Most telling is that Clifford never personally examined the claimant and, therefore, arrived at his opinion based solely on information provided by Mosteller. (Tr 20-21) Consequently, the Court rejects Plaintiff's objection on this issue.

### III.

After an independent review of the Memorandum and Recommendation, Plaintiff's Objections, the Commissioner's Reply, and a *de novo* review of the entire record, the Court concludes that the Commissioner's decision is supported by substantial evidence and the recommendations are, in fact, correct and in accordance with the governing law. Accordingly, the findings and conclusions of the Magistrate Judge are adopted for all purposes and hereby incorporated by reference.

**IT IS, THEREFORE, ORDERED** that the Defendant-Commissioner's Motion for Summary Judgment is hereby **GRANTED** and the Commissioner's decision **AFFIRMED. IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED.**

Signed: December 20, 2010

Richard L. Voorhees
United States District Judge